# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| ADALID AGUILAR,<br><br>    Plaintiff,<br><br>v.<br><br>ALCOA CONCRETE & MASONRY, INC.,<br>    and<br>MARIO EZEQUIEL,<br><br>    Defendants. | Civil Action No. TDC-15-0683 |

## MEMORANDUM OPINION

Plaintiff Adalid Aguilar brings this federal and state wage law case against Defendants Alcoa Concrete & Masonry, Inc. ("Alcoa") and Mario Ezequiel (collectively, "Defendants") alleging that they failed to pay him overtime wages, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (2012) ("FLSA"); the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.* (2011) ("MWHL"); and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501, *et seq.* (2011) ("MWPCL"). Pending before the Court is Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment. ECF No. 5. Having reviewed the briefs, the Court finds no hearing necessary. *See* D. Md. Local R. 105.6. For the following reasons, the Motion is DENIED.

## BACKGROUND

Alcoa is a concrete and masonry company owned and managed by Ezequiel. Between December 23, 2011 and July 15, 2014, Aguilar worked for Defendants as a foreman. Although designated a foreman, Aguilar asserts that his job consisted primarily of non-managerial work,

including "pouring and setting concrete and its related infrastructure." Compl. ¶ 11, ECF No. 1. Aguilar thus concludes that he was a non-exempt employee within the meaning of the FLSA, the MWHL, and the MWPCL, and thus that he was entitled to overtime wages. *See, e.g.*, 29 C.F.R. § 541.0(a) (defining exempt employees under the FLSA as those employed in a "bona fide executive, administrative, or professional capacity").

Aguilar asserts that, while employed by Defendants, he regularly worked over 40 hours per week, on average approximately 70 hours per week. Aguilar was not paid an hourly wage or overtime pay. Instead, he was paid a weekly wage that started at $900 per week and, over the course of his tenure with Alcoa, increased to $1,150 per week. Aguilar contends that Defendants knew that he was working these long hours and that they both authorized and required him to do so.

On March 11, 2015, Aguilar filed this suit alleging that Defendants violated the FLSA, the MWHL, and the MWPCL by repeatedly failing to pay him overtime, and that these violations were willful. He seeks those unpaid wages, enhanced damages, and injunctive relief. On April 6, 2015, Defendants filed their Motion to Dismiss. ECF Nos. 5-6. On April 24, 2015, Aguilar filed a Response in Opposition to the Motion to Dismiss, to which Defendants did not reply. ECF No. 8.

## DISCUSSION

Defendants argue that Aguilar's Complaint should be dismissed, in whole or in part, on several bases. First, they contend that Aguilar has failed to plead facts sufficient to establish that any violations of the FLSA were willful and thus contend that some of Aguilar's claims are time-barred. Second, they argue that all of Aguilar's claims are "devoid of any factual support" and therefore should be dismissed. Mem. Supp. Mot. Dismiss at 6. Third, they argue that Aguilar's

claim for liquidated damages under the MWHL should be dismissed because the right to such damages became effective only on July 1, 2014, after the events at issue in this case. Finally, Defendants assert that Aguilar's claim under the MWPCL must be dismissed because the MWPCL provides a cause of action only as to the timing of payment, not the failure to pay overtime wages. None of these arguments is persuasive; indeed, some are entirely meritless.

I.  **Legal Standard**

Although Defendants title their motion a "Motion to Dismiss, or in the Alternative, for Summary Judgment," the body of the Motion and the accompanying Memorandum lack any reference to summary judgment. The Court thus analyzes the Motion under only the standard for a motion to dismiss.

To overcome a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In assessing whether this standard has been met, the Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). Legal conclusions or conclusory statements do not suffice and are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678.

## II. Willful Violation of the FLSA

Although the FLSA has a two-year statute of limitations, the limitations period is extended to three years if the defendant's violation is "willful." 29 U.S.C. § 255(a). In the Complaint, Aguilar alleges willfulness and thus claims unpaid overtime wages stretching back three years, rather than two. Defendants argue that Aguilar's assertion of willfulness lacks any factual basis such that only the two-year statute of limitations should apply to the FLSA claim.

This argument is, in fact, an assertion of the statute of limitations as an affirmative defense. It is thus Defendants' burden—not Aguilar's—to plead it. Fed. R. Civ. P. 8(c) (stating that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including ... [the] statute of limitations"); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 653 (4th Cir. 2006) ("[T]he statute of limitations is an affirmative defense, meaning that the defendant generally bears the burden of affirmatively pleading its existence."); *see Ford v. Karpathoes, Inc.*, No. ELH-14-0824, 2014 WL 6621997, at *9 (D. Md. Nov. 20, 2014) (denying, in a federal and state wage law case, the defendants' motion to dismiss on the basis of a failure to plead adequate facts as to willfulness "because the question of whether defendants' alleged violations were 'willful' is not an element of plaintiffs' claims" but rather an "anticipat[ion of] a limitations defense that defendants may raise."). *But see Hurd v. NDL, Inc.*, No. CCB-11-1944, 2012 WL 642425 at *6 (D. Md. Feb. 27, 2012) (granting defendant's motion to dismiss plaintiff's claim that the FLSA's three-year statute of limitations applied to her claims because plaintiff "allege[d] no facts to support that conclusion").

Even if it were Aguilar's burden to plead sufficient facts as to willfulness, he has done so. An employer's violation of the FLSA is willful if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v.*

*Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Here, Aguilar does not merely assert that Defendants acted willfully. He specifically alleges that his 70-hour workweeks were "authorized and required by the Defendants" and that Defendants "knew that [he] worked overtime" but still "failed to properly compensate him for it," instead paying him a standard lump sum, regardless of his actual hours worked. Compl. ¶¶ 13, 16. These allegations, taken as true, establish that Defendants knew that Aguilar was working overtime and that they were not compensating him for that overtime, and thus permit the reasonable inference that Defendants were either actively or recklessly disregarding the requirements of the FLSA. *Cf.* Fed. R. Civ. P. 9(b) (stating that even under a heightened pleading standard, "conditions of a person's mind may be alleged generally"). Defendants' Motion to Dismiss on the ground that Aguilar inadequately pled willfulness is therefore rejected.

## III. Failure to Plead Sufficient Facts

Defendants next argue that Aguilar fails to provide enough factual allegations to support his claims at all. Specifically, they assert that Aguilar has failed to provide any proof that he in fact worked 70 hours a week. This argument lacks merit. Aguilar asserts that his duties were primarily non-managerial such that he is entitled to overtime pay under the relevant statutes, and he asserts that although he worked an average of 70 hours each week, he was never paid overtime. He also provides charts breaking down his hours worked and pay received during his tenure with Alcoa. It is not clear what else Defendants believe is required to constitute a "short and plain statement of the claim showing that the pleader is entitled to relief," which is all that a Complaint must contain. Fed. R. Civ. P. 8(a). There is thus no cause to dismiss Aguilar's Complaint on this ground.

As for Defendants' demand that Aguilar provide proof of his hours worked, the FLSA and MWHL place the burden to maintain employment records, including the tally of hours worked and wages paid, upon the employer rather than the employee. 29 U.S.C. § 211(c) ("Every employer . . . shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him[.]"); Md. Code Ann., Lab. & Empl. § 3-424 ("Each employer shall keep, for at least 3 years, in or about the place of employment, a record of: (1) the name, address, and occupation of each employee; (2) the rate of pay of each employee; (3) the amount that is paid each pay period to each employee; (4) the hours that each employee works each day and workweek[.]"); *see Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) ("[I]t is the employer who has the duty ... to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed."), *superseded by statute on other grounds*, Portal-to-Portal Act of 1947, 29 U.S.C. § 251 *et seq.*, *as recognized in Integrity Staffing Solutions, Inc. v. Busk*, 135 S. Ct. 513, 516-17 (2014). In arguing that Aguilar's claims fail because he does not provide proof of his hours worked, Defendants improperly attempt to shift on to Aguilar their statutory recordkeeping obligations. Their Motion to Dismiss on this basis is therefore denied.

## IV. MWHL Liquidated Damages

Defendants also argue that Aguilar's claim for liquidated damages under the MWHL should be dismissed because that provision did not go into effect until July 1, 2014. This argument also fails. Regardless of whether liquidated damages are available under the MWHL only for claims arising after July 1, 2014, the Complaint explicitly asserts that some of Aguilar's claims accrued after that date. Those claims would plainly be eligible for enhancement.

6

Aguilar's claim for liquidated damages under the MWHL arguably acknowledges this potential limitation in that it seeks "[a]dditional liquidated damages and penalties to the fullest extent permitted under the law." Compl. at 7. The Court therefore rejects this basis for dismissal.

## V. MWPCL Claim

Finally, Defendants argue that Aguilar's claim under the MWPCL should be dismissed because the MWPCL relates only to the timing of wage payment and therefore does not apply to a failure to include overtime wages in an employee's pay. This position is directly contradicted by controlling authority. Although some federal courts previously read the MWPCL as applying only to the timing of payments, *see, e.g., McLaughlin v. Murphy*, 372 F. Supp. 2d 465, 474-75 (D. Md. 2004), the Maryland Court of Appeals has explicitly rejected that interpretation. *Peters v. Early Healthcare Giver, Inc.*, 97 A.3d 621, 625-26 (Md. 2014) ("We reaffirm today that both the [M]WHL and the [M]WPCL are vehicles for recovering overtime wages. Without a doubt, [a plaintiff] has a right to bring a private cause of action under the [M]WPCL to recover any unlawfully withheld overtime wages."). On questions of state law, federal courts are bound by the decisions of the highest court of the state. *See Wetzel v. Edwards*, 635 F.2d 283, 289 (4th Cir. 1980). Accordingly, judges in this District have since held that unpaid overtime may be recovered pursuant to the MWPCL. *See, e.g., Chavez v. Besie's Corp.*, No. GJH-14-1338, 2014 WL 5298032, at *2 (D. Md. Oct. 10, 2014). Because the improper withholding of overtime pay by an employer constitutes a cause of action under the MWPCL, the Court denies the Motion as to this ground for dismissal.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss, ECF No. 5, is DENIED. A separate Order follows.

Date: November 4, 2015

THEODORE D. CHUANG
United States District Judge